UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA DAVIS,<br>　　　　Plaintiff,<br>　v.<br>KAISER FOUNDATION HOSPITALS,<br>　　　　Defendant. | Case No. 19-cv-05866-HSG<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND DIRECTING PLAINTIFF TO SERVE DEFENDANT**<br><br>Re: Dkt. No. 12 |

Plaintiff Gloria Davis filed this employment discrimination action on September 20, 2019. *See* Dkt. No. 1. The Court set a case management conference on January 14, 2020, at 2:00 p.m. *See* Dkt. No. 7. However, Plaintiff did not appear at the hearing. *See* Dkt. No. 11. The Court intended to discuss with Plaintiff at the case management conference why Defendants have not yet been properly served. *Id.* The Court then issued an order to show cause why the case should not be dismissed without prejudice for failure to prosecute. *See* Dkt. No. 12. Plaintiff responded asking for an extension of time because she intended to obtain counsel. *See* Dkt. No. 13.

The Court credits Plaintiff's explanation that she is in the process of looking for new counsel and **DISCHARGES** the order to show cause. Nevertheless, the Court will not wait indefinitely for Plaintiff to find new counsel before she begins litigating this case. As the Court cautioned in the order to show cause, when Plaintiff filed this action, she assumed the responsibility of serving the parties, appearing at all hearings, and prosecuting her case. *See* Dkt. No. 12.

A plaintiff must serve each defendant with a summons and complaint within ninety days of filing the complaint. *See* Fed. R. Civ. P. 4(m). To do so, the plaintiff must serve the proper entities in the proper way.

Federal Rule of Civil Procedure 4(h) allows for service of a corporation, partnership, or association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Rule 4 also allows a corporation to be served "following state law for serving a summons in an action brought in courts of general jurisdiction, where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1).

California law allows for service upon a corporation by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process;" or "[t]o the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." *See* Cal. Code Civ. Proc. § 416.10. An unincorporated association similarly may be served by delivering a copy of the summons and complaint "to the person designated as agent for service of process in a statement filed with the Secretary of State." *See* Cal. Civ. Proc. Code § 416.40.

California law also allows for substitute service on corporations and other entities as follows:

> leav[e] a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(a). Alternatively, California law provides for service by mail. *See* Cal. Code Civ. Proc. § 415.30. However, service is only complete under this section once "a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." *Id.*

Here, there is nothing on the docket to indicate that Defendants were properly served. To

2

the contrary, the Proof of Service that Plaintiff filed with her "Amendment to Complaint" suggests that Plaintiff has not served any of the individual Defendants and did not serve the agents authorized to receive service of process for Defendants Kaiser Foundation Hospitals and SEIU UHW Union. *See* Dkt. No. 10 at 3. Plaintiff also did not include a copy of an acknowledgment of receipt signed by Defendants.

However, given the discretion afforded to district courts in extending time for service even in the absence of good cause, coupled with plaintiff's pro se status, the Court declines to dismiss this action based on Plaintiff's failure to serve timely. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512–13 (9th Cir. 2001) (discussing Rule 4(m)'s "good cause" standard and the discretion afforded a district court in extending the time for service even in the absence of good cause).

Accordingly, Plaintiff is **DIRECTED** to complete proper service on Defendants by June 12, 2020. If Plaintiff fails to complete service by this deadline, the case will be dismissed without prejudice under Rule 4(m). Plaintiff is encouraged to seek assistance at the Legal Help Center, which provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help. Appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated: 4/10/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge