UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS,<br><br>    Defendant. | Case No. 19-cv-05866-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Pending before the Court is Defendant Kaiser Foundation Hospitals' motion to dismiss the complaint filed by pro se Plaintiff Gloria Davis. *See* Dkt. No. 16. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

I.  **BACKGROUND**

Plaintiff filed this employment discrimination action against Defendant on September 20, 2019. *See* Dkt. No. 1 ("Compl."). She alleges a single claim for employment discrimination under Title VII of the Civil Rights Act of 1964. *See id.* at ¶¶ 5–6. She alleges that Defendant's conduct was discriminatory with respect to her sex and disability. *Id.* at ¶ 5. In support of this claim, however, Plaintiff alleges just a single sentence, that her discrimination claim is based on "wrongful termination of employment & violation of right to due process." *Id.* at ¶ 6. Plaintiff also alleges that in advance of filing her complaint, she received a right-to-sue letter from the Equal Employment Opportunity Center ("EEOC") "on or about" June 21, 2019. *Id.* at ¶ 9. She later filed the right-to-sue letter, which is dated June 21, 2019, on the docket. *See* Dkt. No. 9.

Defendant moves to dismiss Plaintiff's complaint, arguing that it (1) is untimely; and (2) does not contain sufficient factual content in support of her claim for employment

1  discrimination.  *See* Dkt. No. 16.

**II.  LEGAL STANDARD**

A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).  However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

Yet even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### III.   DISCUSSION

#### A.   Timeliness

Defendant first argues that Plaintiff's complaint was not timely filed.  A plaintiff must commence a civil action within 90 days from receiving a right-to-sue letter from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  Here, Plaintiff's complaint alleges that she received the EEOC right-to-sue letter "on or about June 21, 2019," and she filed this action 91 days later, on September 20, 2019.  *See* Compl. at ¶ 9.  Defendant strictly construes the date that Plaintiff alleges that she received the letter, and contends that the complaint is thus untimely and should be dismissed on this basis.  *See* Dkt. No. 16 at 3–4.  The Court is not persuaded.

Plaintiff's complaint only provides an estimate of timing:  the complaint states that she received the right-to-sue letter "on *or about* June 21, 2019."  *See* Compl. at ¶ 9 (emphasis added).  The right-to-sue letter itself is dated June 21, 2019.  *See* Dkt. No. 9.  Under Defendant's theory, Plaintiff received the letter the same day it was issued.  But the Ninth Circuit has adopted a presumption that a right-to-sue notice is received three days after it is sent by mail.  *Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1124–26 (9th Cir. 2007).  And the issuance date is "presumptive evidence of the mailing date." *Id.* at 1124.  Defendant has not pointed to any evidence that rebuts these presumptions.  As such, Plaintiff had 90 days from June 24, 2019—or until September 22, 2019—to file this action.  Because Plaintiff filed this action on September 20, 2019, the Court finds the complaint timely.

#### B.   Failure to State a Claim

Turning to the substance of Plaintiff's complaint, she appears to concede that she has not pled sufficient facts to state a claim for employment discrimination.  *See* Dkt. No. 17.  To establish a prima facie case of discrimination, Plaintiff must show:  (1) she was a member of a protected class; (2) she was qualified for the position sought or was competently performing the position held, or that he or she was capable of performing the essential functions of the job either with or without reasonable accommodation; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances suggesting a discriminatory motive. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Kennedy v. Applause, Inc.*, 90

1  F.3d 1477, 1481 (9th Cir. 1996).  But Plaintiff does not provide any facts in support of her

2  discrimination claims.

3　　　　Plaintiff does not allege that she is a member of a protected class.  She does not allege that

4  she was Defendant's employee or what position she allegedly held with Defendant.  She does not

5  allege that she was competently performing her position, and does not allege any facts suggesting

6  that she was terminated under circumstances giving rise to sex or disability discrimination.  In

7  opposition, Plaintiff provides some additional facts not included in her complaint in support of her

8  claim.  *See* Dkt. No. 17.  However, "district courts may not consider material outside the pleadings

9  when assessing the sufficiency of a complaint" on a motion to dismiss.  *Khoja v. Orexigen*

10  *Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  To the extent that Plaintiff has specific

11  facts about the nature of her claims against Defendant—including what happened and why she

12  believes Defendant discriminated against her—she must include this information in her amended

13  complaint.

## IV.　CONCLUSION

15　　　　Accordingly, the Court **GRANTS** the motion to dismiss under Rule 12(b)(6).  However,

16  despite these deficiencies, the Court cannot say at this stage that amending the complaint would be

17  futile.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is

18  entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of

19  the action.").  Plaintiff may still be able to allege sufficient facts to state a claim.  *Lopez*, 203 F.3d

20  at 1130; *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[A] district court should not

21  dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies

22  of the complaint could not be cured by amendment.") (quotations omitted).  Plaintiff shall file an

23  amended complaint by no later than July 30, 2020.  Failure to file an amended complaint by this

24  deadline may result in the dismissal of the action in its entirety without further leave to amend.  In

25  addition, Plaintiff's amended complaint will be dismissed if she does not correct the deficiencies

26  the Court has identified in this order.

27　　　　The Court understands that Plaintiff may be seeking legal counsel for this action.  *See* Dkt.

28  No. 19.  The Court advises Plaintiff that the Legal Help Center at both the San Francisco and

Oakland Federal Courthouses provides free information and limited-scope legal advice to pro se litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by calling (415)782-8982 or emailing FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated: 7/2/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge