UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA DAVIS,<br><br>           Plaintiff,<br><br>   v.<br><br>KAISER FOUNDATION HOSPITALS,<br><br>           Defendant. | Case No. 19-cv-05866-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 30 |

Pending before the Court is a motion to withdraw as counsel by Jasmine Mines, attorney for Plaintiff Gloria J. Davis. Dkt. No. 30. Ms. Mines appeared in this case as counsel of record on August 28, 2020. *See* Dkt. No. 27. Despite this appearance, Ms. Mines states that Plaintiff only hired her "pursuant to a Limited Scope Representation agreement to represent her at the Initial Case Management Conference" on September 8, 2020. *See* Dkt. No. 56 at 1. Ms. Mines also agreed that she would review the case record. *Id.* Having done so, she explained to Plaintiff that she could not represent Plaintiff further unless Ms. Mines was able to conduct a more fulsome investigation into the facts and file an amended the complaint. *Id.* Given the costs associated with doing so, Ms. Mines and Plaintiff agreed that Ms. Mines should withdraw as counsel. *See id.* at 2. Plaintiff signed the motion to withdraw. *Id.* Based on the relevant legal authority, the papers, and the representations made during the case management conference, the Court **GRANTS** the motion.

**I.      LEGAL STANDARD**

In this District, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Moreover, "[w]hen withdrawal by an

attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). Under these rules, permissive withdrawal may only be granted by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The professional rules provide for permissive withdrawal on various grounds, including when "[t]he client knowingly and freely assents to termination of the employment" or . *Id.*, Rule 3-700(C)(5). However, an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

Finally, courts assessing withdrawal balance the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

## II.   DISCUSSION

Here, the Court finds that Civil Local Rule 11-5(a) is satisfied because the parties had reasonable advance notice of the withdrawal. In particular, Plaintiff's counsel only entered into a limited scope representation agreement with Plaintiff to represent her at the September 8 case management conference. *See* Dkt. No. 30 at 1–2. Plaintiff's counsel conferred with Defendant to prepare the joint case management statement, and told all parties during the September 8 hearing of her intention to withdraw from the case moving forward. *See* Dkt. No. 31. The filing of the motion was also permitted by the California Rules of Professional Conduct. *See* CA ST RPC,

Rule 3-700(C)(5). The motion explains that both Ms. Mines and Plaintiff "agreed that it would be in their best interest for [Ms. Mines] to file her instant motion, and [Plaintiff] has granted her consent." Dkt. No. 30 at 2. Plaintiff also signed the motion. *Id.* The Court finds that permitting withdrawal is just, while imposing certain conditions (described below) to minimize delay and prejudice. *See Robinson*, 2010 WL 3259384, at *2 (discussing equities). All told, the Court finds in the exercise of its discretion that withdrawal is warranted. *See Gong v. City of Alameda*, No. C 03-05495, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008).

If necessary, Plaintiff may appear *pro se* in federal court. But to minimize any potential prejudice to Plaintiff, the Court provides Plaintiff four weeks to obtain new counsel and stays all deadlines in the interim. During this period, the Court directs Ms. Mines to accept service of papers for forwarding to Plaintiff. *See* Civil L.R. 11-5(b). And if Plaintiff is unable to obtain counsel by October 20, 2020, she will proceed in this action *pro se*. In that event, Plaintiff must: (1) file a short statement with the Court on October 20, 2020, indicating that she was unable to retain counsel; and (2) confirm her contact information with the Court, so that she may be served as an individual going forward. The Court further **SETS** a telephonic case management conference on October 27, 2020, at 2:00 p.m. All parties, counsel, and members of the public and press may use the following dial-in information below to access the conference line:

**Dial In:** 888-808-6929

**Access Code:** 6064255

The Court cautions all parties that the Court expects to set a case schedule on October 27, and for the case to move forward efficiently, regardless of whether Plaintiff obtains new counsel or proceeds *pro se*.

//
//
//
//
//
//

## III.  CONCLUSION

Accordingly, the Court **GRANTS** the motion to withdraw as counsel, subject to the foregoing conditions.

**IT IS SO ORDERED.**

Dated:  9/23/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge