UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA JEANETTE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS,<br><br>Defendant. | Case No. 19-cv-05866-HSG<br><br>**ORDER DENYING REQUEST TO REOPEN**<br><br>Re: Dkt. Nos. 74, 75 |

On February 2, 2022, the Court granted summary judgment in favor of Defendant Kaiser Foundation Hospitals and entered judgment against Plaintiff Gloria Jeanette Davis. Dkt. Nos. 65, 66. On August 17, 2023, the Ninth Circuit affirmed the Court's ruling. Dkt. No. 71. Plaintiff has since filed documents asking the Court to reopen her case and requesting trial or oral argument, which the Court construes as a motion to vacate the judgment under Rule 60(b). *See* Dkt. Nos. 74, 75.

Rule 60(b) "provides an 'exception to finality' that 'allows a party to seek relief from a final judgment, and request reopening of [her] case, under a limited set of circumstances.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (citations omitted). Rule 60(b) provides for relief from a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by reasonable diligence could not have been discovered sooner; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds*, 559 U.S. at 271. Rule 60(b)(6) is a

"catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (internal quotation marks and citations omitted).

Plaintiff's filings do not meet any of the standards for relief under the "limited set of circumstances" set forth in Rule 60(b). *See United Student Aid Funds*, 559 U.S. at 269. She essentially takes issue with the Court's decision to grant summary judgment. However, Plaintiff has made no showing of mistake or excusable neglect in presenting her prior position, newly discovered evidence that was not available at the time the judgment was entered, or fraud by an adverse party. Nor has she shown that the underlying judgment is void or has been satisfied. Ultimately, the Ninth Circuit considered Plaintiff's appeal and affirmed the Court's summary judgment order, meaning that at this point, her case has been fully adjudicated and the matter is settled. "Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief." *Williams v. Lujan*, Case No. 16-CV-04290-HSG, 2018 WL 3861655, at *1 (N.D. Cal. Aug. 14, 2018) (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

Accordingly, Plaintiff's request to reopen this action is **DENIED**. The Court understands and respects Plaintiff's right to disagree with the Court's summary judgment decision, but this Court and the Ninth Circuit have ruled in the matter, and those decisions are final. This case remains closed, and the Clerk is **DIRECTED** not to accept any further filings in this closed case. Any further materials sent via mail will be returned unreviewed.

**IT IS SO ORDERED.**

Dated: 4/24/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

2